**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| FRED BLUMBERG, et al.,  : | CIVIL ACTION NO. 09-1336 (MLC) |
| : | |
| Plaintiffs,  : | **MEMORANDUM OPINION** |
| : | |
| v.  : | |
| : | |
| DAVID FOWLER, et al.,  : | |
| : | |
| Defendants.  : | |

**THE COURT** examining jurisdiction <u>sua</u> <u>sponte</u> in this action

for, <u>inter</u> <u>alia</u>, breach of contract (dkt. entry no. 1, Compl.),

<u>see</u> Fed.R.Civ.P. 12(h)(3) (instructing court to dismiss complaint

if jurisdiction is lacking); and the plaintiffs (1) asserting

jurisdiction under 28 U.S.C. § ("Section") 1332, and (2) bearing

the burden of demonstrating jurisdiction (Compl. at 2), <u>see</u> <u>Davis</u>

<u>v. Union Pac. R.R. Co.</u>, 224 Fed.Appx. 190, 191 (3d Cir. 2007);

and it appearing that a jurisdictional challenge is measured

"against the state of facts that existed at the time of filing —

whether the challenge be brought shortly after filing, after the

trial, or even for the first time on appeal", <u>Grupo Dataflux v.</u>

<u>Atlas Global Group</u>, 541 U.S. 567, 571 (2004); and

**THE PLAINTIFFS** alleging — and the Court confirming on the

Westlaw database — that they are New Jersey citizens (Compl. at

2); and the plaintiffs alleging — and the Court confirming on the

Westlaw database — that the defendant Henry F. Wolff III is a New

Jersey citizen (<u>id.</u>); and

**IT APPEARING TO BE OBVIOUS** from the face of the Complaint that the plaintiffs are not "citizens of different States" in relation to each defendant, 28 U.S.C. § 1332(a)(1); and it appearing that complete diversity of citizenship under Section 1332 is required, see Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005) (reading "statutory formulation 'between . . . citizens of different States' to require complete diversity between all plaintiffs and all defendants"); Brown v. Francis, 75 F.3d 860, 865 (3d Cir. 1996) (stating same); and it appearing that "subject matter jurisdiction is never waived", Liberty Mut. Fire Ins. Co. v. Yoder, 112 Fed.Appx. 826, 828 (3d Cir. 2004);[1] and

---

[1]   The plaintiffs also allege that the defendant D. Fowler, LLC ("FLLC") "is an LLC of Massachusetts". (Compl. at 2.)  It appears that FLLC is a limited liability company, and thus the plaintiffs provide an allegation as to FLLC's citizenship that is "meaningless". Preferred Merch. Hood v. Fam. Dollar, No. 06-67, 2006 WL 1134915, at *1 (D.N.H. Apr. 25, 2006).  Limited liability companies are (1) unincorporated associations, and (2) deemed to be citizens of each state in which their members are citizens, not the states in which they were formed or have their principal places of business. Carden v. Arkoma Assocs., 494 U.S. 185, 195-97 (1990); Swiger v. Allegheny Energy, 540 F.3d 179, 182 (3d Cir. 2008).

The plaintiffs also allege that the defendants David Fowler and Susan Fowler are Massachusetts citizens. (Compl. at 2.)  However, according to the Westlaw database, those defendants may be New Jersey citizens.

The Complaint is also replete with typographical errors. (See, e.g., id. at ¶ 8 ("plaintiffs entered into a least [sic] for the premises is [sic] located at" a certain address), ¶ 11 ("landlord's attorney hand-delivered and [sic] improper notice of termination"), ¶ 16 ("the buyer/builder could have sold to anyone who to [sic] use it as an investment property"), ¶ 25 ("Fred Bloomberg's [sic] time").)

**THE COURT** thus intending to dismiss the Complaint without prejudice to recommence the action in state court, as the limitations period for the cause of action is tolled by the filing of a federal complaint, see Jaworowski v. Ciasulli, 490 F.3d 331, 333-36 (3d Cir. 2007); Galligan v. Westfield Ctr. Serv., 82 N.J. 188, 191-95 (1980); and for good cause appearing, the Court will issue an appropriate Order and Judgment.

___s/ Mary L. Cooper_____
**MARY L. COOPER**
United States District Judge

Dated:  March 26, 2009